<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORFOLK SOUTHERN RALWAY COMPANY,<br><br>    *Plaintiff*,<br><br>v.<br><br>KINDER MORGAN BULK TERMINALS, LLC and KINDER MORGAN LIQUIDS TERMINALS, LLC<br><br>    *Defendants*, | Civil Action No. 2:20-cv-12867<br><br><u>**OPINION**</u> |

**John Michael Vazquez, U.S.D.J.**

    In this case, Plaintiff Norfolk Southern Railway Company ("Norfolk Southern") contends that Defendants Kinder Morgan Bulk Terminals, LLC and Kinder Morgan Liquid Terminals, LLC (collectively "Kinder Morgan") are liable for demurrage charges as well as ancillary damages. Pending before the Court is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's amended complaint. The Court has reviewed the parties' submissions[1] in support of and in opposition to the motion and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, Defendants' motion is **GRANTED**.

**I.    BACKGROUND**

    Plaintiff Norfolk Southern is a Virginia corporation that "operates as an interstate rail carrier." D.E. 19 ("FAC"), ¶¶ 1-2. Kinder Morgan "operate[s] facilities in Perth Amboy and

---

[1] Defendants' brief in support of its motion, D.E. 21, will be referred to as "D. Br."; Plaintiff's opposition brief, D.E. 24, will be referred to as "P. Opp."; and Defendants' reply brief, D.E. 27, will be referred to as "D. Reply".

Carteret, New Jersey as well as facilities located in various other locations including Pennsylvania, South Carolina, Illinois, and Georgia." *Id.* ¶ 10.

Norfolk Southern indicates that pursuant to federal law, it established demurrage charges set out in its tariffs, "including tariff NS 6004-D, Norfolk Southern's Conditions of Carriage, as well as the terms incorporated into NS 6004-D and Norfolk Southern's Conditions of Carriage and its and their predecessor versions, which are public and posted on the internet[.]" *Id.* ¶¶ 15-16. Plaintiff continues that pursuant to its demurrage tariffs, it released rail cars to Defendants and Defendants failed to return the rail cars within the allotted "free time." *Id.* ¶¶ 17-20. Plaintiff adds that Kinder Morgan also owes it demurrage charges for storing Defendants' railcars on Plaintiff's track. *Id.* ¶ 20. Norfolk Southern states that the demurrage charges are in "excess of $2,000,000[.]" *Id.* ¶ 21.

Plaintiff next asserts that Kinder Morgan was subject to additional Northern Southern tariffs, "including NS 8002-A and tariff NS 8001-A[.]" *Id.* ¶ 26. Pursuant to these tariffs, Plaintiffs contend that Defendants owe money for "intra-plant" switching movements as well as "ancillary charges[.]" *Id.* ¶¶ 29-30. Plaintiffs indicate that Defendants owe "an amount not less than $108,433[.]" *Id.* ¶ 33.

Plaintiff filed its initial Complaint on September 28, 2020, D.E. 1. Defendants responded with a motion to dismiss. D.E. 17 at 8. While that motion was pending, Plaintiff filed an Amended Complaint. D.E. 19. In its Amended Complaint, Plaintiff asserts four counts: (1) failure to pay demurrage charges, (2) breach of contract, (3) unjust enrichment, and (4) account stated. *Id.* The third and fourth counts are pled in the alternative. Defendants then filed the current motion. D.E. 21.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Further, in evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. But even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Courts generally only consider the factual allegations contained in a complaint, though a court can also consider exhibits attached to the complaint and undisputedly authentic documents

provided by the defendant, if the claims are based on that document. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. ANALYSIS

Although Defendants advance several arguments as to why their motion should be granted, the Court finds that Plaintiff has failed to plausibly plead its claims. In fact, Plaintiff repeatedly asserts that its Amended Complaint is subject to the "notice pleading" standard. P. Opp. at 4, 8, 15. However, any lingering doubts about the viability of the notice pleading standard announced in *Conley v. Gibson*, 355 U.S. 41 (1957), were put definitively to rest in *Iqbal*.[2] Plaintiff refers to this case as a "simple collection matter[.]" P. Opp. at 1. Regardless of the complexity of the matter, Plaintiff must still satisfy the federal pleading standard. As a result, the Court grants the Defendants' motion to dismiss but will afford Plaintiff the opportunity to amend its pleading.

**A. Plaintiff's Demurrage Claim**

Plaintiff seeks to recover its demurrage charges pursuant to the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq*. ("ICA"). The Surface Transportation Board ("STB") has issued regulations as to demurrage, 49 C.F.R. §§ 1333.1-1333.3. "Demurrage is a charge that both compensates rail carriers for the expenses incurred when rail cars are detained beyond a specified period of time (i.e., free time) for loading or unloading, and serves as a penalty for undue car detention to encourage the efficient use of rail cars in the rail network." 49 C.F.R. § 1333.1. *See also Penn. R. Co. v. Kittaning Iron & Steel Mfg. Co.*, 253 U.S. 319, 323 (1920) ("The purpose of demurrage charges is to promote car efficiency by penalizing undue detention of cars.").

---

[2] It is not even clear to the Court that the Amended Complaint would comply with *Conley*'s fair notice requirement.

4

The ICA provides that "[a] rail carrier providing transportation subject to the jurisdiction of the Board under this part shall compute demurrage charges, and establish rules related to those charges[.]" 49 U.S.C. § 10746. The Act also provides that a "rail carrier providing transportation or service subject to the jurisdiction of the Board under this part must begin a civil action to recover charges for transportation or service provided by the carrier within 3 years after the claim accrues." 49 U.S.C. § 11705(a). The STB's regulations provide that a rail "carrier and its customers (including those to which it delivers rail cars at origin or destination) may enter into contracts pertaining to demurrage." 49 C.F.R. § 1333.2. That cost may be passed onto "a third-party intermediary [who] may enter into contracts with a shipper (or consignee) that the shipper (or consignee) shall be billed for demurrage pursuant to section 1333.3(b)." *Id.* "However, in the absence of such contracts, demurrage will be governed by the demurrage tariff of the serving carrier." *Id.*

49 C.F.R. § 1333.3 clarifies "who is subject to demurrage." Subsection 1333.3(a) provides as follows:

> Any person receiving rail cars from a rail carrier for loading or unloading who detains the cars beyond the period of free time set forth in the governing demurrage tariff may be held liable for demurrage if the carrier has provided that person with actual notice of the demurrage tariff providing for such liability prior to the placement of the rail cars. The notice required by this section shall be in written or electronic form.

49 C.F.R. § 1333.3(a). A carrier may recover demurrage through an action in district court. *See* 49 U.S.C. §§ 10743, 11705(a); *CSX Transp., Inc. v. B & J Grp., Inc.*, 381 F. Supp. 3d 438 (E.D. Pa. 2019).

Defendant contends that Plaintiff has not plausibly asserted its demurrage count. D. Br. at 9-10. The Court agrees. First, Plaintiff fails to indicate when any of the demurrage charges were

5

incurred. In fact, the Amended Complaint is essentially bereft of any dates. Second, Plaintiff fails to indicate specifically where the demurrage charges were incurred. While the Amended Complaint refers to at least some of Defendants' facilities, FAC ¶ 10, it completely fails to allege where any of the specific demurrage charges were incurred. Third, Plaintiff fails to provide any information as to how much in charges were incurred at a particular location, over what period of time, or how many rail cars were involved. The Amended Complaint merely avers that Defendants owe in "excess of $2,000,000[.]" *Id.* ¶ 21. Fourth, while Plaintiff refers to its tariff and conditions of carriage generally, *id.* ¶ 16, the Amended Complaint does not indicate which specific provisions on which Plaintiff is relying or how Plaintiff calculated its demurrage charges. The first count also suffers from other pleading infirmities (such as alleging, in conclusory fashion, that Plaintiff submitted invoices in a "timely manner").

For the foregoing reasons, the Court will grant the Defendants' motion to dismiss the demurrage claim as insufficiently pled.[3]

**B. Plaintiff's State-Law Claims**

Defendants also seek dismissal of the remaining three counts, which are asserted pursuant to the Court's diversity and supplemental jurisdiction. FAC ¶¶ 12-13. The Court similarly finds that these counts are not sufficiently pled.

As to the remaining counts, Plaintiff fails to indicate under which state's law it is asserting those counts.[4] This omission alone warrants dismissal because the Court cannot analyze

---

[3] Because the Court is granting Defendant's motion on this ground, it does not reach Kinder Morgan's remaining arguments in support of its motion.

[4] The parties appear to agree that New Jersey law governs. *See, e.g.*, D. Br. at 19; P. Opp. at 26 & n.8. "To choose which state law will apply, 'a federal court sitting in diversity must apply the choice-of-law rules of the forum state.'" *White v. Sunoco, Inc.*, 870 F.3d 257, 263 (3d Cir. 2017)

6

plausibility without first knowing the underlying elements of each claim. And the Court cannot deduce the elements without first knowing which state's law applies. Moreover, in opposition, Plaintiff attempts to cite *federal* law in support of its state law claims. P. Opp. at 28 (citing 49 U.S.C. §§ 11101, 10702). But "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).

However, regardless of the applicable law, the counts are not plausibly pled. Like the first count, the second count, for breach of contract, fails to allege any dates, any locations, any specific contractual provision or provisions, or any indication as to how the ancillary charges were calculated. The same is true as to Plaintiff's unjust enrichment claim. The account stated claim suffers from the same infirmities and also alleges a critical element in a completely conclusory fashion: "Kinder Morgan has agreed to, assented, or acquiesced in the correctness of the account." FAC ¶ 57.

The Court therefore grants Plaintiff's motion as to the second, third, and fourth counts.

---

(quoting *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

Based on the actual allegations in the Amended Complaint, the Court cannot conclude that New Jersey law applies. First, no location as to any of the alleged improper conduct is alleged. Second, Plaintiff broadly indicates that Defendants have facilities in a number of states.

7

## IV.     CONCLUSION

For the reasons stated above, Defendants' motion is granted without prejudice. Plaintiff is granted leave to file a second amended complaint, which cures the deficiencies noted herein, within thirty (30) days. If Plaintiff does not file a second amended complaint within the allotted time, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: September 3, 2021

John Michael Vazquez, U.S.D.J.